UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

MAR - 3 2003

DAVID J. MALAND, CLERK
BY
DEPUTY _____

Kelly G. Spencer,

a shareholder of AOL Time Warner, Inc., a Delaware Corporation, and on behalf of said corporation,

**PLAINTIFF**

v.

Stephen M. Case, Richard D. Parsons, Kenneth J. Novack, R.E. "Ted" Turner, Daniel F. Akerson, James L. Barksdale, Stephen F. Bollenbach, Frank J. Caufield, Miles R. Gilburne, Carla A. Hills, Mark Reuben, Michael A. Miles, Franklin D. Raines, Francis T. Vincent, Jr., Wayne H. Pace, Paul T. Cappuccio, Gerald Levin, Randall J. Boe, and Ernst & Young, LLP,

**DEFENDANTS**

Civ. No. _____502 cv 197_____

**AMENDED COMPLAINT**

On information and belief, Plaintiff allege the following:

**JURISDICTION**

1. Plaintiff Kelly G. Spencer is a resident of Waskom, Texas. Plaintiff is a shareholder of AOL Time Warner, Inc., a Delaware corporation with its principal address at 75 Rockefeller Plaza, New York, New York 10019. Said corporation conducts business in the Eastern District of Texas, including Texarkana, Texas.

2. Defendants Stephen M. Case, Richard D. Parsons, Kenneth J. Novack, and R.E. "Ted" Turner are officers and directors of the aforementioned AOL Time Warner, Inc., with its principal address in New York.

3. Defendants Daniel F. Akerson, James L. Barksdale, Stephen F. Bollenbach, Frank J. Caufield, Miles R. Gilburne, Carla A. Hills, Mark Reuben, Michael A. Miles, Franklin D. Raines, and Francis T. Vincent, Jr., are directors of the aforementioned AOL Time Warner, Inc., with its principal address in New York.

4. Defendants Wayne H. Pace and Paul T. Cappuccio are officers of the aforementioned AOL Time Warner, Inc., with its principal address New York, and Defendant Randall J. Boe is an officer of America Online, Inc., a subsidiary of AOL Time Warner.

5. Defendant Gerald Levin was an officer and director of the aforementioned AOL Time Warner, Inc., with its principal address in New York, during relevant times when the facts alleged herein arose.

6. Defendant Ernst & Young, LLP is a limited liability partnership headquartered at 787 Seventh Avenue, New York, New York, 10019, and Ernst & Young LLP was and is employed as the auditor for AOL Time Warner, Inc.

7. The amount in controversy, exclusive of interest and costs, exceeds $75,000.

8. Venue lies in this District under the provisions of the Racketeer Influenced and Corrupt Organizations Act, particularly 18 U.S.C.A. § 1965, therefore this complaint is not a collusive one to confer jurisdiction on this Court which it would not otherwise have.

9. Venue for all remaining claims lies under the Court's pendant jurisdiction.

## STATEMENT OF FACTS

10. America Online, Inc. merged with Time Warner, Inc. on or about January, 12, 2001, forming AOL Time Warner, Inc., the aforementioned Delaware Corporation.

11. America Online, Inc. was an Internet Service Provider ("ISP") and continued as such following its merger with Time Warner, Inc. to form AOL Time Warner, Inc (collectively referred to hereinafter as "AOL").

12. In the normal course of AOL's ISP business, customers subscribed to the ISP, and AOL automatically charged the customers' credit cards or bank accounts for that service each month.

13. Beginning as early as 1996 and perhaps much earlier, AOL consistently charged the credit cards and/or bank accounts of customers after those customers cancelled their ISP subscriptions.

14. AOL continued making unauthorized charges despite numerous warnings from customers and state regulatory officials and despite signed agreements with various state attorneys general in which AOL declared that it was not charging the credit cards and/or bank accounts of former customers.

15. Defendants Stephen M. Case, Gerald Levin, and Paul T. Cappuccio were warned by certified letter, dated March 22, 2002 and received not later than March 30, 2002, of the consistent pattern of unauthorized billing. Defendants were notified that inaction on their part "will provide further evidence that you are consenting parties to, if not direct participants in, this ongoing pattern of wire fraud and racketeering." Evidence may show that these defendants were aware of the billing scheme much earlier, or reasonably should have been.

16. Defendant Ernst & Young LLP was warned by certified letter, dated March 22, 2002 and received not later than March 30, 2002, of the consistent pattern of unauthorized billing, and evidence may show that they were aware of the billing scheme much earlier, or reasonably should have been. Defendant Ernst & Young was provided a copy of the letter referenced in Paragraph 15 and warned that the liabilities from AOL's illegal billing should be reflected in AOL's audit and public filings.

17. Defendants Richard D. Parsons and Wayne H. Pace were warned by certified letter, dated August 17, 2002 and received not later than August 20, 2002, of the consistent pattern of unauthorized billing. Defendants Parsons and Pace also were provided with copies of the letter referenced in Paragraph 15. Evidence may show that these defendants were aware of the billing scheme much earlier, or reasonably should have been.

18. Defendant Paul T. Cappuccio was again warned, by certified letter, of the consistent pattern of unauthorized billing on or about August 22, 2002, and was requested, in his capacity as corporate secretary, to notify all members of the board of directors immediately. Defendant Cappuccio was provided with the correspondence referenced in Paragraphs 15 and 17 and asked to distribute it to all board members immediately. Defendants R.E. "Ted" Turner, Frank J. Caufield, and Franklin D. Raines were simultaneously sent a copy of the August 22, 2002 letter and its enclosed documents, with a request that they verify that Defendant Cappuccio provided copies to all directors.

19. Defendants Kenneth J. Novack, Daniel F. Akerson, James L. Barksdale, Stephen F. Bollenbach, Mark Reuben, and Michael A. Miles were sent, via facsimile, copies of the correspondence referenced in Paragraphs 15, 17 and 18 and told that "AOL personnel at the highest levels have been aware of these illegal schemes for years and have done

nothing to stop it." Defendant Randall J. Boe responded to and denied the aforementioned allegations in a letter dated September 18, 2002.

20. Defendants have not stopped AOL's ongoing practice of fraudulent billing nor have they disclosed the liabilities resulting from such fraudulent billing; Defendants have, as a result, exposed the company to enormous liabilities for fraudulent billing and perhaps securities fraud.

21. Plaintiff is a shareholder in AOL Time Warner, Inc. and were shareholders during at least part of the time when the aforementioned illegal activities took place, particularly since such acts are still ongoing as of this date.

## STANDING OF PLAINTIFF

22. Paragraphs 1-21 are realleged and incorporated here by reference.

23. Plaintiff brings suit on behalf of AOL Time Warner, Inc., in his capacity as a shareholder, for all damages done to the corporation as a result of the actions or inactions of defendants described herein.

24. Insofar as any wire fraud or other related frauds are part of an ongoing civil conspiracy, Plaintiff has standing to bring suit since harm has been done to the corporation since the purchase of his shares.

25. Plaintiff need not serve notice and demand that the officers and board of directors take legal action on behalf of AOL Time Warner, Inc., as the officers and directors have a conflict of interest insofar as they are the defendant parties that harmed the corporation.

26. In the specific case of Defendant Ernst & Young LLP, Plaintiff need not serve notice and demand that the officers and board of directors of AOL Time Warner, Inc. take legal action against Defendant Ernst & Young LLP, because the officers and directors have a

conflict of interest insofar as Ernst & Young was a co-conspirator with those officers and directors.

## BREACH OF FIDUCIARY DUTIES

27. Paragraphs 1-26 are realleged and incorporated here by reference.

28. Defendant directors, officers, and former director/officer breached their fiduciary duties to AOL Time Warner, Inc. by negligently, recklessly, and/or knowingly failing to stop illegal conduct within the corporation, such conduct outlined herein, and those breaches of duty have subjected the corporation to enormous liabilities to former customers and other aggrieved parties.

29. All defendants, including Ernst & Young LLP, concealed information related to the aforementioned illegal conduct, thereby allowing the conduct to continue to the ultimate harm of the corporation. Such concealment breached the defendants' duty of loyalty to the corporation insofar as defendants ostensibly were more concerned with hiding their own culpability than with stopping the illegal and damaging conduct.

## FRAUD

30. Paragraphs 1-26 are realleged and incorporated here by reference.

31. Defendants' actions and inactions, directly or indirectly, constitute common law fraud against the corporation's current or former customers, and ultimately against the corporation itself.

## TRESPASS

32. Paragraphs 1-26 are realleged and incorporated here by reference.

33. Defendants' actions and inactions, directly or indirectly, constitute common law trespass against the corporation's current or former customers, and ultimately against the corporation itself.

## CONVERSION

34. Paragraphs 1-26 are realleged and incorporated here by reference.

35. Defendants' actions and inactions, directly or indirectly, constitute common law conversion against the corporation's current or former customers, and ultimately against the corporation itself.

## THEFT

36. Paragraphs 1-26 are realleged and incorporated here by reference.

37. Defendants' actions and inactions, directly or indirectly, constitute common law and statutory theft from the corporation's current or former customers, ultimately rendering the corporation itself liable.

## CIVIL CONSPIRACY

38. Paragraphs 1-26 are realleged incorporated here by reference.

39. The actions and inactions of defendants, insofar as defendants participated in, consented to and/or concealed widespread illegal activities, were acts of civil conspiracy against the interests of AOL Time Warner, Inc.

## RACKETEERING ALLEGATIONS

40. Paragraphs 1-26 are realleged and incorporated here by reference.

41. The acts of these defendants, as described in the previous paragraphs of this complaint, entitle Plaintiff to redress under the provisions of the Racketeer Influenced

and Corrupt Organizations Act, 18 U.S.C.A. §§ 1961 et seq., specifically 18 U.S.C.A. § 1964(c), because:

  a. All defendants conducted or participated, directly or indirectly, in the conduct of the affairs of an enterprise through a pattern of racketeering activity, in violation of 18 U.S.C.A. § 1962(c);

  b. All defendants conspired to conduct the affairs of an enterprise through a pattern of racketeering activity, in violation of 18 U.S.C.A. § 1962(d); and

  c. The activities engaged in by all the defendants constituted a "pattern of racketeering activity," as that term is defined in 18 U.S.C.A. § 1961(5), in that the activities of the defendants constituted wire fraud, in violation of 18 U.S.C.A. § 1343. Defendants were, at the very least, culpable for acts of wire fraud insofar as they aided and abetted such acts. 18 U.S.C.A. § 2

42. Plaintiff is entitled to recover treble damages and the costs of his suit on behalf of the corporation, including a reasonable attorney's fee, under the provisions of 18 U.S.C.A. § 1964(c).

43. As a result of the activities engaged in by the defendants, AOL Time Warner, Inc. and the named Plaintiff have suffered damages currently beyond calculation; such damages including, but not limited to, any loss of value of the stock of the corporation, damages awarded in other actions on behalf of consumers and against the corporation, punitive damages, attorneys' fees, and other amounts expended by the Plaintiff in attempting to obtain redress for themselves and the corporation, and other appropriate relief.

WHEREFORE, Plaintiff requests judgment as follows:

1. That the corporation have and recover from defendants, jointly and severally, any liabilities imposed on the corporation as a result of the aforementioned activities, such damages to be trebled;

2. That the court award Plaintiff the costs of this action, and attorneys' fees; and

3. That the court grant the corporation such other and further relief as the court deems just and proper, including punitive or exemplary damages for all claims other than racketeering.

A jury trial is demanded.

_____  Dated: 3/13/03
Ty Clevenger
Attorney for Plaintiff
Texas Bar Member No. 24034380
Member, Bar of the U.S. District Court for the Eastern District of Texas
P.O. Box 164810
Little Rock, AR  72216-4810
tyc@emersonfirm.com

## VERIFICATION

I am one of the plaintiffs in this shareholder derivative action, and I was an AOL Time Warner shareholder during the time that the events alleged to have taken place in this Complaint occurred. Also, I continue to hold my shares. All of the allegations that pertain to me and within my personal knowledge are true. Also, I believe that all of the remaining allegations are true based upon the investigation of my counsel. Having received a copy of this Complaint, having reviewed it with my counsel, I hereby authorize its filing.

_____
Kelly G. Spencer

Date: 2/20/03